Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

SABINA BALKIND, *Individually and on behalf of others similarly situated,*

**Plaintiff**

v.

**COMPLAINT**
**Index No.**

**COLLECTIVE ACTION**
**UNDER 29 USC § 216(b)**

**JURY TRIAL**
**DEMANDED**

**ERIC BIBERMAN and MICHAEL GIZAW**
**Individually and CITRINE LOUNGE LLC**
**d/b/a DOUX SUPPER CLUB**

**Defendants.**
------------------------------------------------------------x

1. Plaintiff Sabina Balkind ("Balkind" or "Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

2. This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid wages and related damages for unpaid minimum wage, while employed by Citrine Lounge LLC d/b/a Doux Supper Club ("Doux"), Michael Gizaw ("Gizaw") and Eric Biberman ("Biberman"). Plaintiff seeks these damages under the applicable provisions

of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff Balkind, a resident of New York State, was employed as a bottle server worker for Defendants from on or about September 2, 2017 until January 27, 2018. Plaintiff was employed by Defendants during the relevant limitations periods.

4. Plaintiff's consent to sue form is attached as Exhibit "A."

5. Defendant Doux is a New York Corporation. Defendant Doux is a restaurant/supper club that is located at 59 West 21st Street in New York City.

6. Upon information and belief, Doux has an annual gross volume of sales in excess of $500,000.00.

7. At all relevant times, Doux has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

8. Upon information and belief, Defendant Biberman and Gizaw are the owners and operator of Doux.

9. Upon information and belief, Defendant Biberman and Gizaw exercise control over Doux's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

10. Defendant Biberman and Gizaw have been the employers of Plaintiff during the relevant time period.

2

11. As of April 23, 2018, Eric Biberman lists himself as the CEO of Doux on his Facebook page.[1]

12. All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated workers employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA

---

[1] https://www.facebook.com/eric.smooch

3

Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## JURISDICTION AND VENUE

16. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

18. Defendants committed the following alleged acts knowingly, willfully and intentionally.

19. Defendants knew that the nonpayment of minimum wage to Plaintiff and the FLSA Collective Plaintiffs would economically injure Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

20. Throughout the course of her employment at Doux, Plaintiff regularly worked two (2) days per week.

21. Plaintiff regularly worked from 9:00 pm through 4:00 am.

22. Plaintiff was paid a base salary of $7.50 per hour in check, and her last check in January 2018 was $8.65 per hour.

23. Plaintiff also received an average of $700.00 to $1500.00 per week in tips.

24. Plaintiff had to pool her tips with the other bottle servers, busboys, as well as with Doux's doormen, who did not participate in direct customer service.

25. Doux's doormen would receive 10% of the tip pool per shift.

26. Eric Biberman told the bottle servers that they had to share their tips with the doormen.

27. By mandating the participation of the doorman in the tip pool, Defendants have violated both the FLSA and NYLL.

28. Because Defendants established an illegal tip pooling scheme at Doux, they are not entitled to take advantage of the tip credit and reduce the minimum wages of Plaintiff and the FLSA Collective Plaintiffs by applying the tip credit allowance that is available under the FLSA and the NYLL.

29. Defendants are also prohibited from applying the tip credit because they failed to provide Plaintiff and the FLSA Collective Plaintiffs with notice of the tip credit as required by both the NYLL and FLSA.

30. Defendants unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs the New York State or the federal minimum wage for all hours worked per week.

31. Defendants did not provide Plaintiff and the FLSA Collective Plaintiffs with any written or oral information regarding the New York state or federal minimum wage.

32. Defendants also failed to pay Plaintiff around $1682.00 of salary during the weeks of October 27, 2017, November 10, 2017, December 1, 2017, December 29, 2017, January 19, 2018 and January 20, 2018.

33. During those weeks, she was not paid any wages whatsoever, and therefore was not paid the federal or New York State minimum wage during those time periods.

34. Defendant Biberman hired and scheduled Plaintiff and controlled her rate of pay.

35. Defendants failed to provide Plaintiff with a written notice of her rate of pay and failed to keep proper payroll records as required under New York law.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs**

36. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

37. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Collective Plaintiffs.

38. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

39. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery

of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations Against All Defendants

40. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

42. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

43. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

44. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### NYLL – Unlawful Tip Deductions

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. NYLL § 196-d prohibits employers or their agents from demanding or accepting directly or indirectly any part of the gratuities received by an

employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

47. Defendants unlawfully retained tips from Plaintiffs and unlawfully redistributed their tips to non-tip eligible employees.

48. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid tips, reasonable attorneys' fees, liquidated damages, and pre-judgment interest and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

51. Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

52. Defendants' failure to make, keep and preserve accurate records was willful.

53. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## PRAYER FOR RELIEF

54. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs prays for relief as follows:

a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

e. Penalties available under applicable laws;

f. Costs of the action incurred herein, including expert fees;

g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

h. Pre-judgment and post-judgment interest, as provided by law; and

i. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff on behalf of herself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
May 4, 2018

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack  
39 Broadway, Suite 1530,  
New York, NY 10006  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Doux and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____    04/23/18        Sabine Balkind
Signature                       Date                            Printed Name